Memorandum and Order
 

 KEETON, Senior District Judge.
 

 I. Pending Matters
 

 At the hearing on November 23, 2004, this court heard arguments on matters related to the following filings:
 

 (1) Plaintiffs’ Motion for an Interlocutory Ruling of Law (Docket No. 155), Plaintiffs’ Memorandum of Law in Support (Docket No. 156), Declaration of Evans Acloque in Support (Docket No. 157) (all filed July 6, 2004);
 

 (2) Defendant’s Memorandum in Opposition to Plaintiffs’ Motion for an Interlocutory Ruling of Law (Docket No. 159), Declaration of Douglas R. Hart in Support (Docket No. 160), Declaration of Brian O’Connor in Support (Docket No. 161) (all filed July 27, 2004);
 

 (3) Plaintiffs’ Reply Memorandum of Law (Docket No. 167), Declaration of Todd S.Heyman in Support (Docket No. 168) (both filed August 17, 2004);
 

 (4) Plaintiffs’ Supplemental Memorandum of Law (Docket No. 171) (filed November 23, 2004);
 

 (5) Defendant’s Supplemental Memorandum in Opposition (Docket No. 172) (filed December 1, 2004); and
 

 (6) Plaintiffs’ Reply to Defendant’s Supplemental Memorandum in Opposition (Docket No. 174) (filed December 9, 2004).
 

 
 *83
 
 II. Factual and Procedural Background
 

 Plaintiffs have brought a nationwide class action on behalf of persons who were employed by the defendant Liberty Mutual Insurance Company as Auto Damage Appraisers. Plaintiffs allege that they are owed overtime pay and seek to recover that pay under the Fair Labor Standards Act, 29 U.S.C. §§ 207
 
 et seq
 
 (“FLSA”). In their motion currently before the court, plaintiffs seek an interlocutory ruling of law on whether a particular method of calculating overtime pay owed, the “fluctuating workweek” method, applies in their case. This method of calculating overtime pay is described in 29 C.F.R. § 778.114.
 

 The parties agree that the appraisers were paid a fixed amount per week regardless of the number of hours actually worked during the regular, Monday-to-Friday, workweek. The dispute centers around the legal significance of payments made by Liberty Mutual for appraisers who worked at the Saturday drive-in appraisal centers. Before March 10, 2008, appraisers received a
 
 per diem
 
 payment for working at the Saturday drive-in centers. The amount of this payment varied over time, from approximately $100 at the beginning of the program to $175 in March 2003. (Heyman Deck, Docket No. 168, Exs. A, B) After March 10, 2003, appraisers began receiving hourly pay for Saturday work. The rate paid for such work was initially one-and-one-half times the appraiser’s regular rate for the week, but has since been raised to twice the appraiser’s regular rate for the week. (O’Connor Deck, Docket No. 161, ¶ 2) Liberty Mutual pays the appraisers their additional pay for Saturday work regardless of whether they have worked 40 hours in that particular week. (Acloque Deck, Docket No. 157, ¶¶ 5, 6)
 

 III. Analysis of Issues
 

 The “fluctuating workweek” method applies, generally, when an employee’s hours “fluctuate from week to week” but the worker receives a “fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many.” 29 C.F.R. § 778.114(a). When the fluctuating workweek method applies, any unpaid overtime is calculated by, first, dividing that worker’s regular salary for the week by the number of hours actually worked in that week, an amount known as the “regular rate”; second, awarding the worker an amount equal to half the regular rate for that particular week multiplied by the number of hours in excess of 40 worked for that particular week.
 
 See id.
 
 “When the fluctuating workweek method applies, the employee’s ‘regular rate’ for FLSA purposes is calculated anew each week
 
 O’Brien v. Town of Agawam,
 
 350 F.3d 279, 287 (1st Cir.2003).
 

 The other method approved by the Department of Labor for calculating the regular rate is the “fixed weekly salary” method. 29 C.F.R. § 778.113(a). The fixed weekly salary method results in a much higher rate of overtime pay, because the regular rate is calculated by dividing the weekly salary by 40 hours each week, and the workers are paid 150% of the regular rate for the unpaid overtime hours, rather than only 50% of the regular rate under the fluctuating workweek method.
 
 See O’Brien,
 
 350 F.3d at 286-87.
 

 An employer may not simply choose to pay the lower overtime rate.
 
 Id.
 
 at 288.
 

 The regulation requires that four conditions be satisfied before an employer may do so:
 

 (1) the employee’s hours must fluctuate from week to week;
 

 (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums);
 

 (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and
 

 
 *84
 
 (4) the employer and employee must share a “clear mutual understanding” that the employer will pay that fixed salary regardless of the number of hours worked.
 

 Id.
 
 (citing 29 C.F.R. § 778.114(a), (c)). Here, as in
 
 O’Brien,
 
 the second and fourth requirements are contested by the parties.
 

 The plaintiffs seek an interlocutory ruling that the fluctuating workweek method of computation does not apply in this case. Plaintiffs argue that the fluctuating workweek method does not apply because no clear mutual understanding existed between the parties that Liberty Mutual would pay a fixed weekly salary regardless of the hours worked. In particular, plaintiffs argue that no clear mutual understanding existed because Liberty Mutual paid appraisers additional pay for work on Saturday even though an appraiser might have worked less than 40 hours in a particular week. Liberty Mutual argues that the pay for Saturday work constitutes “premium pay” that is excepted from the statutory calculation of regular rate. Liberty Mutual also offers a copy of an agreement that, it argues, demonstrates a clear mutual understanding between the appraisers and Liberty Mutual that the fluctuating workweek method applies. (O’Connor Deck, Docket No. 161, Ex. A)
 

 In reply, plaintiffs note that lump sum payments cannot qualify as “premium pay” under the applicable regulations and argue that the hourly-based Saturday payments do not permit application of the fluctuating workweek method even if they constitute “premium pay.”
 

 At the hearing on November 23, 2004, Liberty Mutual raised two arguments that the parties addressed in supplemental briefing: (1) the court had ruled on this matter in its February 26, 2004, Memorandum and Order, and (2) if the court allowed the plaintiffs’ motion, the fluctuating workweek method could still be applied to those employees who did not, in fact, work on Saturdays. I address these two contentions last.
 

 First, I will consider the arrangement between the parties before March 10, 2003, when payment for Saturday work was in a lump sum. Plaintiffs are correct that lump sum payments cannot qualify as “premium pay” subject to exclusion from the regular rate calculation. The clause of the FLSA that establishes the exclusion states:
 

 As used in this section the ‘regular rate’ at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include—
 

 * # # * * sfc
 

 (6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where
 
 such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days.
 

 29 U.S.C. § 207(e)(6) (emphasis added). The underlined portion of the statute is consistent with plaintiffs’ argument that the statutory term “premium rate” refers to an hourly rate of pay, rather than a lump sum. In addition, the Department of Labor (“DOL”) has promulgated interpretative regulations that are directly on point:
 

 A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be
 
 *85
 
 equal to or greater than the sum owed on a per hour basis.
 

 29 C.F.R. § 778.310;
 
 see also
 
 29 C.F.R. § 778.207(b) (“[Sjinee any extra compensation in order to qualify as an overtime premium must be provided by a premium rate per hour ... lump sum premiums which are paid without regard to the number of hours worked are not overtime premiums and must be included in the regular rate.”). Although the DOL interpretations are not controlling authority, “the Secretary’s interpretations have the power to persuade, if lacking power to control, as they constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.”
 
 O’Brien,
 
 350 F.3d at 298 (internal quotation marks and citations omitted). The interpretative regulations here are consistent with the statutory language, and I find them persuasive. I conclude that the lump sum payments for Saturday work do not constitute “premium pay” under FLSA and may not be excluded from calculation of the regular rate.
 

 Liberty Mutual’s new practice of paying an hourly wage for Saturday work presents a different question. Plaintiffs argue that these payments cannot constitute premium pay, because the employee is sometimes paid the higher hourly rate when the employee has worked less than 40 hours. Plaintiffs also argue that even if Liberty Mutual’s new payment practice constitutes premium pay, that finding is not dispositive as to whether the fluctuating workweek method applies.
 

 Several different types of pay may be excepted from the calculation of the “regular rate” under FLSA. These include a “premium rate paid” for hours in excess of eight in one day or in excess of the applicable maximum workweek, 29 U.S.C. § 207(e)(5), as well as a “premium rate paid” for work by the employee on “Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek.” 29 U.S.C. § 207(e)(6). These two exclusions for premium rate pay operate independently — they are joined by the conjunction “or,” and an employer might qualify for one of the exclusions even though that employer did not qualify for a separate exclusion.
 
 See
 
 29 U.S.C. § 207(e). Plaintiffs’ position would require an employer to pay a premium rate only when the employee has worked over 40 hours even if the work fell into another permitted category, but the statute provides multiple avenues for premium rate pay. The interpretative regulations include an example of an employee being compensated by premium rate pay for work done on a holiday that falls on a Tuesday, at which point the employee had not yet worked 40 hours in the week.
 
 See
 
 29 C.F.R. § 778.205. Such a practice is, therefore, contemplated by the premium rate pay exclusions of the FLSA. I conclude that premium rate payments for Saturday work could, potentially, qualify for exclusion from the definition of “regular rate,” under 29 U.S.C. § 207(e), even when the employee has not worked 40 hours for the week.
 

 The more salient question, however, remains: whether the payment of such premiums preclude the application of the fluctuating workweek method. Both the regulation and the First Circuit in
 
 O’Brien
 
 refer to exclusion only of “overtime premiums” and not “premium pay” generally.
 
 See
 
 29 C.F.R. § 778.114;
 
 O’Brien,
 
 350 F.3d at 288. “Overtime pay” is a special species of “premium pay.” Another way of stating the problem is whether the term “fixed salary” in the regulation excludes “premium pay” that is not overtime pay.
 

 In
 
 O’Brien,
 
 the First Circuit was faced with the similar issue concerning whether premium pay for work in excess of eight
 
 *86
 
 hours on a particular day or for work during off-duty time precluded a finding that the workers received a “fixed salary regardless of hours worked,” so that the fluctuating workweek method could not apply.
 
 See O’Brien,
 
 350 F.3d at 289. Defendant’s argument that premium pay should be excluded from the definition of “fixed salary” would appear to apply with equal force in that case, because the premium pay in
 
 O’Brien
 
 is also excluded from the definition of “regular rate” under 29 U.S.C. §§ 207(e)(5), (7) (excluding premium pay for hours in excess of eight and premium pay for work outside the workweek established in a collective bargaining agreement, respectively), just as Liberty Mutual argues the Saturday payments are excluded from the definition of “regular rate” in this case under 29 U.S.C. § 207(e)(6). The First Circuit, however, applied the exclusion under this section only to the calculation of an offset against statutory overtime liability, and did not apply it to exclusion from the meaning of “fixed salary” under the regulations.
 
 O’Brien,
 
 350 F.3d at 289. The First Circuit in
 
 O’Brien
 
 did not explicitly reject Liberty Mutual’s argument — the opinion does not indicate that the argument was before the panel — but the First Circuit did not follow Liberty Mutual’s reasoning. Liberty Mutual has not provided any other reason for this court to expand the application of this section of the statute in this way. Accordingly, I will follow the Court of Appeals in
 
 O’Brien
 
 and conclude that the payment of a premium rate for Saturday work when less than 40 hours have been worked precludes application of the fluctuating workweek method.
 

 Therefore, the defendant cannot satisfy the second requirement of
 
 O’Brien
 
 either when the payment for Saturday pay was a lump sum or when the payment was at a premium rate. I conclude that the fluctuating workweek method cannot be applied in this case.
 

 I will now address the parties’ additional contentions raised in the supplemental briefing. The defendant argues that this court has already ruled that the fluctuating workweek method applies in this case. In my previous Memorandum and Order, I had been asked to determine whether certain documents, bearing upon the defendant’s state of mind, were relevant to this case for the purposes of discovery. In rejecting one of the plaintiffs’ theories for why the documents were relevant, I stated:
 

 In conclusion, I rule that the record now before me supports an inference that the employment agreement between Liberty and the appraisers provided that the appraisers would receive a fixed weekly salary, not an hourly salary. No suggestion is before me that the entire employment agreement is voidable. Even without reference to the employment agreement, I rule that a clear, mutual understanding existed between the parties that the appraisers would receive a fixed weekly salary. In these circumstances, I rule that the 1992-93 documents, to the extent they relate to Liberty’s knowledge of the FLSA’s requirements, are not relevant to any outstanding matter in this case.
 

 (Memorandum and Order, Docket No. 151, at 28) In reaching this conclusion, I did not decide whether the fluctuating workweek method could be applied in this case, I simply ruled that “the record before me” at that time “supported an inference” of a clear mutual understanding. The issue at that stage was whether certain documents, which might have had a bearing on a question that might arise later in the case, were subject to discovery. Accordingly, I reject defendant’s contentions that the court has already ruled on this matter.
 

 
 *87
 
 Finally, the defendant argues that the fluctuating workweek may still be applied to those employees who did not, in fact, work on Saturdays in the manner described above. The defendant cannot demonstrate, however, that these other employees satisfied the fourth requirement of
 
 O’Brien,
 
 that “the employer and employee must share a ‘clear mutual understanding’ that the employer will pay that fixed salary regardless of the number of hours worked.” 350 F.3d at 288. I have concluded, above, that the arrangement between the employees and employer did not meet the second condition of
 
 O’Brien,
 
 that “the employee must receive a fixed salary that does not vary with the number of hours worked during the week.”
 
 Id.
 
 Even though those employees may have, in fact, received a fixed salary, they did not have a “ ‘clear mutual understanding’ that the employer
 
 will pay
 
 that fixed salary regardless of hours worked,” because Liberty Mutual
 
 would not have
 
 paid a “fixed salary” that would satisfy the second requirement of
 
 O’Brien. See id.
 
 (emphasis added).
 

 Accordingly, I conclude that the fluctuating workweek method cannot be applied to any of Liberty Mutual’s employees in this case.
 

 ORDER
 

 For the foregoing reasons, it is ORDERED:
 

 (1)Plaintiffs’ Motion for an Interlocutory Ruling of Law (Docket No. 155) is ALLOWED to the extent that it is consistent with this Memorandum and Order.